IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM SAVAGE, #212203,
    Petitioner,

vs.                                Case No.:  3:08cv477/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Doc. 23).  Petitioner filed a reply in opposition to the motion (Doc. 27).

    Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

    Pursuant to a plea of nolo contendere, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 88-5903-E, of one charge of armed robbery with a firearm and one charge of grand theft of an auto (*see* Doc. 1 at 1; Doc. 23, Ex. C at 71).  On July 17, 1989, Petitioner was sentenced to thirty-three (33) years of imprisonment, with a three-year mandatory minimum and 212 days of jail credit, on the robbery charge, and a consecutive term of five (5) years of probation on the grand theft charge (*see* Doc. 1 at 1; Doc. 23, Exs. B, C, D).  Petitioner appealed the judgment to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without written opinion on October 15, 1990 (Doc. 23, Exs. E, F).  Savage v. State, 569 So. 2d 446 (Fla. 1st DCA Oct. 15, 1990) (Table).

    In the motion to dismiss, Respondent contends that Petitioner previously filed a § 2254 petition in this court, Case No. 3:97cv186/LAC/MD, which challenged the same convictions and

sentences that are the subject of the instant § 2254 petition, but the petition was denied (Doc. 23 at 3–4). Indeed, the court notes that on April 20, 1997, Petitioner filed a § 2254 petition in which he challenged the same convictions and sentences at issue in the instant case (*see* Doc. 23, Ex. G). The district court, adopting the magistrate judge's report and recommendation, denied the petition on the ground that the claim raised in that petition was procedurally defaulted in the state courts and, therefore, procedurally barred from federal review (Doc. 23, Exs. K, M). Petitioner appealed the denial to the Eleventh Circuit Court of Appeals, and the Eleventh Circuit dismissed the appeal for want of prosecution because Petitioner failed to file an initial brief within the time fixed by the procedural rules (Doc. 23, Exs. N, O, P, Q).

On July 12, 2006, Petitioner filed a second habeas petition under § 2254 in this court, Case No. 3:06cv311/RV/EMT, again challenging his convictions in Escambia County Circuit Court Case No. 88-5903-E (Doc. 23, Ex. R). The district court, adopting the undersigned's report and recommendation, dismissed the petition for lack of jurisdiction on the ground that it was an unauthorized successive petition (Doc. 23, Exs. V, X). Petitioner appealed the denial to the Eleventh Circuit Court of Appeals, and the Circuit Court dismissed the appeal for want of prosecution because Petitioner failed to pay the filing fee (Doc. 23, Ex. Z).

On May 9, 2007, Petitioner filed with the Eleventh Circuit Court of Appeals an application for leave to file a successive habeas petition under 28 U.S.C. § 2244(b) (Doc. 23 at 5, Ex. AA). The Eleventh Circuit denied the application, stating, in relevant part:

> In his application, Savage indicates that he wishes to raise two claims in a second or successive § 2254 petition. Savage first claims that he is entitled to time served from a prior conviction and sentence. Savage asserts that this claim relies upon both a new rule of constitutional law and newly discovered evidence. Savage contends that the new rule of law announced in Tripp v. State, 622 So. 2d 941 (Fla. 1993), Cook v. State, 645 So. 2d 436 (Fla. 1994), and State v. Green, 547 So. 2d 925 (Fla. 1989), dictated that he is entitled to credit for previous time served. Savage further contends that these cases constitute new evidence. Second, Savage claims that he is entitled to "earned gaintime," but concedes that this claim does not rely on a new rule of law or newly discovered evidence. Because Savage has not shown that the U.S. Supreme Court has held that Tripp, Cook, or Green are new rules of constitutional law that apply retroactively on collateral review, he has failed to meet the statutory requirements to raise a claim based on a new rule of constitutional law. *See* Tyler v. Cain, 533 U.S. 656, 665–66, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). Furthermore, any holdings in these cases were not "previously unavailable"

because all three had been decided when Savage filed his original § 2254 petition in 1997. *See* 28 U.S.C. § 2244(b)(2)(A). Although Savage also asserts that these cases constitute newly discovered evidence, this claim is without merit as a case is not evidence. Finally, Savage's second claim is without merit because he concedes that it does not rely on a new rule of law or newly discovered evidence. Accordingly, because Savage has failed to make a prima facie showing of the existence of either grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

(Doc. 23, Ex. BB).

In the instant petition, Petitioner again challenges his sentence imposed in Escambia County Circuit Court Case No. 88-5903-E (Doc. 1). He raises the following grounds for relief:

> Ground one: "My sentence is under "Green" decision. In Green, on split sentence, all time served including gain time must be award to new sentence imposed on/after VOP."
>
> Ground two: "The sentence I'm sentenced under falls within/upon "Tripp" decision. In Tripp, on a split sentence, all prior time served on a split sentence, and once probation is violated, revoked, and new sentence imposed [sic]. All time prior served [sic] must be awarded to new sentence imposed."
>
> Ground three: "The sentence imposed is unlawful and illegal. Scrivener's error was committed by trial court; they failed to check correct box to grant prior time served."
>
> Ground four: "Petitioner filed successive 3.800(a) and courts failed to correct and certify conflict where district courts ruled on Tripp and trial courts and First DCA failed to follow law, rules mandated."

(Doc. 1 at 4–5, 8–11, 14–25).[1] All of these claims relate to the sentencing court's failure to award credit on Petitioner's sentence for the period of time he was incarcerated on a previous sentence (*id.*). Petitioner additionally appears to argue that the sentencing court sentenced him outside the recommended sentencing guidelines range without providing a written reason for doing so (*id.* at 11–13).

In Petitioner's response to Respondent's motion to dismiss, he argues that this court has jurisdiction to entertain a successive petition because his incarceration violates the United States

---

[1] The page numbers used in this order are the page numbers assigned by the CM/ECF docketing system, as Petitioner did not number the first five (5) pages of his petition, which consists of twenty-six (26) pages (*see* Doc. 1).

Case No.: 3:08cv477/MCR/EMT

Constitution, is fundamentally unfair, and constitutes a "manifest injustice" (Doc. 27 at 1–3, 5–6). He further contends that Respondent's assertion of a procedural bar is "moot and vague" (*id.* at 3). Petitioner also argues the merits of the claims he now raises (*id.* at 4–6).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 petition filed by Petitioner in 1997. Furthermore, as this District Court determined in Petitioner's second § 2254 action filed in 2006, Petitioner's 1997 petition qualified as a first petition for purpose of determining successor status.[2] Therefore, the instant petition is successive. Additionally, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals to file this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A). For this reason, this case should be dismissed for lack of jurisdiction.

It is therefore respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 23) be **GRANTED**.

2. That Petitioner's habeas petition (Doc. 1) be **DISMISSED** for lack of jurisdiction.

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:08cv477/MCR/EMT

At Pensacola, Florida, this 29th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).